Manjinder SINGH, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–73844.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.*

Filed May 21, 2014.

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

OIL, Judith Roberta O'Sullivan, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

## MEMORANDUM **

Manjinder Singh, a native and citizen of India, petitions for review of the Board of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010). We deny the petition for review.

The BIA did not abuse its discretion by denying Singh's motion to reopen as untimely where the motion was filed more than five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to demonstrate materially changed conditions in India to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey,* 538 F.3d 988, 995–97 (9th Cir.2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial); *see also Najmabadi,* 597 F.3d at 987 (evidence must be "qualitatively different" from the evidence presented at the previous hearing). We reject Singh's contention that the BIA failed to adequately consider the evidence presented with the motion to reopen. *See Najmabadi,* 597 F.3d at 990–91.

Finally, we reject Singh's contention that the BIA's denial of his motion violated due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.